# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAVU OPS., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:11-cv-01527-TWP-MJD |
| | ) | |
| AMERICAN MOTORISTS INSURANCE | ) | |
| COMPANY, LUMBERMAN'S | ) | |
| UNDERWRITING ALLIANCE, | ) | |
| UNIVERSAL UNDERWRITERS | ) | |
| INSURANCE COMPANY, THE NORTH | ) | |
| RIVER INSURANCE COMPANY, | ) | |
| NORTHERN INSURANCE COMPANY, | ) | |
| UNITED STATES FIRE INSURANCE | ) | |
| COMPANY, FIDELITY AND GUARANTY | ) | |
| INSURANCE UNDERWRITERS, INC., | ) | |
| ST.PAUL MERCURY INSURANCE | ) | |
| COMPANY, THE TRAVELERS CASUALTY | ) | |
| AND SURETY COMPANY, and UNITED | ) | |
| STATES FIDELITY & GUARANTY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON AMERICAN MOTORISTS MOTION TO STAY

This matter is before the Court on Defendant American Motorists Insurance Company's

("American Motorists") Motion to Dismiss, or alternatively, Motion to Stay (Dkt. 163).  On

August 16, 2012, American Motorists was placed in rehabilitation by the Circuit Court of Cook

County, Illinois.  The Illinois Director of Insurance was appointed as American Motorists'

rehabilitator.  Among other things, the rehabilitation order:  (1) creates an estate comprised of all

of American Motorists' assets and liabilities; (2) vests title to all of American Motorists' assets

to the rehabilitator; and (3) enjoins all persons or entities with knowledge of the order from

commencing or further prosecuting against American Motorists any claim, action, or proceeding

in law or equity whether in Illinois or elsewhere, or otherwise interfering with the rehabilitator's possession, custody, or control of American Motorists' assets.  *See* Dkt. 165-4.  Because Plaintiff CAVU Ops., Inc. ("CAVU") seeks defense and indemnity through claims for breach of contract, declaratory judgment, and breach of duty of good faith and fair dealing against American Motorists, American Motorists seeks dismissal or a stay based on the rehabilitation order.  For the reasons set forth below, the Court stays this matter against American Motorists.  Therefore, American Motorists' Motion (Dkt. 163) is **GRANTED in part** and **DENIED in part**.

## I.  BACKGROUND

CAVU operates a site in Terre Haute, Indiana that produces and stores coal tar, driveway sealer, roofing pitch and coal tar treated cross-ties, switch ties, and cross plugs.  It also owns a site in Memphis, Tennessee that refines crude coal tar into tar distillates, refined tar, and pitch. The Defendants are comprised of insurance carriers who sold commercial general liability insurance coverage to CAVU between 1995 and 2000.[1]  The policies insure CAVU against loss in the event of bodily injury, personal injury, and property damage.  The policies also impose on Defendants a duty to defend CAVU against any suit alleging bodily injury, personal injury, or property damage.

In 1999 and 2009, CAVU discovered environmental contamination at the two sites. CAVU has entered into voluntary remediation with the Indiana Department of Environmental Management ("IDEM") and a voluntary clean-up program with the Tennessee Department of Environment and Conservation ("TDEC").  Additionally, the United States Environment Protection Agency ("EPA") has filed suit against CAVU.  CAVU has submitted claims and demands relating to the environmental contamination to each of the Defendants in this case, in

---

[1] In actuality, the Defendants sold coverage to The Western Tar Products Corporation, Indiana Wood Preserving Company, and/or Andover, Inc.  CAVU is the successor in interest to each of these entities, and the Court will refer only to CAVU in this Entry.

accordance with its insurance policies.  To date, none of the Defendants have agreed to pay CAVU's costs for clean-up, though they have paid for some defense and environmental investigation costs.

CAVU filed this action on November 16, 2011, against multiple Defendants, including American Motorists, alleging that Defendants have contractual obligations to defend and indemnify CAVU against the suits pursued by IDEM, EPA, and TDEC, and the failure to do so is a breach of contract.  CAVU also seeks a declaratory judgment that such duty exists under the policies.  Finally, CAVU alleges the Defendants have breached their duty of good faith and fair dealing by failing to make prompt coverage determinations and failing to indemnify.  CAVU seeks damages, attorneys' fees, and other expenses.

On August 16, 2012, American Motorists entered rehabilitation proceedings by order of the Illinois Director of Insurance.  As a result, the Circuit Court of Cook County entered an order enjoining any prosecution of claims against American Motorists outside of the rehabilitation proceeding.  Therefore, American Motorists requests that the Court abstain from hearing CAVU's claims against it by dismissing, or alternatively staying, the claims.

## II. DISCUSSION

Abstention is the exception, not the rule.  *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 236 (1984).  Although abstention is an amorphous concept, the Seventh Circuit has explained that abstention as expressed in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), may sometimes be appropriate in the insurance context.  *See Hartford Cas. Ins. Co. v. Borg-Warner Corp.*, 913 F.2d 419, 425 (7th Cir. 1990).  In *Hartford*, the Seventh Circuit noted four factors that help in determining whether a federal court should exercise jurisdiction in the insurance context.  The factors are:

> First, is the suit based on a cause of action that is exclusively federal?  Second, does the suit require the court to determine issues that are directly relevant to state policy in the regulation of the insurance industry?  Third, do state procedures indicate a desire to create special state forums to regulate and adjudicate these issues?  Fourth, are difficult or unusual state laws at issue?

*Hartford*, 913 F.2d at 425.  In consideration of these factors, the *Hartford* Court also noted that the McCarran-Ferguson Act vests with the states primary responsibility for regulating the insurance industry, and under such power many states, including Illinois, have adopted statutes to govern the rehabilitation and liquidation of insolvent insurers.  *Id.* at 426.

With that in mind, a *Burford* abstention applies in two circumstances.  "First, [courts] should abstain from deciding difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the present case.  Second, [courts] should abstain from the exercise of federal review that would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."  *Id.* (citation omitted).  Here, because the issues of law sound in contract, the second type of *Burford* abstention applies.  *See Prop. & Cas. Ins. Ltd. v. Cent. Nat'l Ins. Co. of Omaha*, 936 F.2d 319, 322 (7th Cir. 1991).

There are two essential elements of the second type of *Burford* abstention.  First, the state must offer some forum in which claims may be litigated.  Second, that forum must be special, i.e., stand in a special relationship of technical oversight or concentrated review to the evaluation of those claims.  *Id.* at 323.  "The ability to point to a specialized proceeding is a prerequisite of, not a factor in, the second type of *Burford* analysis."  *Id.*

The Illinois court's rehabilitation order essentially creates a specialized proceeding for hearing claims against American Motorists.  Specifically it states –

> Persons and entities having knowledge of this Order are restrained and enjoined from bringing or further prosecuting any claim, action or proceeding at law or in

> equity or otherwise, whether in this State or elsewhere, against [American Motorists] . . . except insofar as those claims, actions or proceedings arise in or are brought in *these rehabilitation proceedings*....

Dkt. 165-4 at 10–11 ¶ 12(d) (emphasis added).  Furthermore, the rehabilitation order sets forth the caption under which such actions would be filed.  *See V.I. Yacht Harbor, Inc. v. Geneva Assurance Syndicate, Inc.*, No. 96 C 1617, 1996 WL 308296, at *2 (N.D. Ill. May 30, 1996) (making similar finding); *see also Shapo v. Engle*, No. 98 C 7909, 1999 WL 446853 (N.D. Ill. 1999).

CAVU argues that American Motorists has not established that the rehabilitation proceeding is specialized for creditor claims, because neither a procedure for claimants to follow nor the type of review such claims would receive has been established and, therefore, the rehabilitation proceeding does not satisfy the abstention requirement.  CAVU is correct, insofar as the Court has not been made aware of any specific procedures.  CAVU also argues that this action will not have an effect on the rehabilitation proceeding.  Unlike in *QBE International Insurance Limited. v. Shapo*, No. 01 C 0508, 2002 WL 276233 (N.D. Ill. Feb. 27, 2002), where the relief sought was non-monetary, here CAVU seeks defense and indemnification from American Motorists, which necessarily involves American Motorists' insolvency and ability or inability to pay claims.

The decision to abstain is within the Court's discretion.  *See Prop. & Cas.*, 936 F.2d at 321.  Taking the above into consideration, along with the parties' submissions and arguments, the Court finds that it is not appropriate at this stage to dismiss CAVU's claims against American Motorists.  This Court's jurisdiction cannot be enjoined by a state court, and the rehabilitation proceedings for creditors' claims have not been fully established or disclosed to the Court.  However, the Court finds that public policy favors staying this action as to American Motorists

only, as continued defense of this action would dissipate funds and disrupt Illinois' interest in regulating the rehabilitation of insolvent insurers.  *See Mondrus v. Mut. Benefit Life Ins. Co.*, 775 F. Supp. 1155, 1158 (N.D. Ill. 1991) (holding that exercising federal jurisdiction would be highly disruptive of state regulatory scheme and collecting cases).

### III.  <u>CONCLUSION</u>

For the reasons set forth above, American Motorists' Motion (Dkt. 163) is **GRANTED in part** and **DENIED in part**.  The motion requesting dismissal is denied, but the Court grants the requested stay.  The Court now enters a **STAY** of this action pertaining to American Motorists until such time as the rehabilitation in the Circuit Court of Cook County is complete, or until such time the Court deems appropriate.

Additionally, American Motorists is **ORDERED** to keep this Court apprised of the progress made in the rehabilitation proceeding  by filing a status report every six months, with the first report due **November 4, 2013**.

       **SO ORDERED.**

Date: 05/03/2013 _____

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Barry C. Cope
BINGHAM GREENEBAUM DOLL LLP
bcope@bgdlegal.com

Katherine L. Shelby
BINGHAM GREENEBAUM DOLL LLP
kshelby@bgdlegal.com

Stephen J. Peters
HARRISON & MOBERLY
speters@harrisonmoberly.com

William Norris Ivers
HARRISON & MOBERLY
wivers@harrisonmoberly.com

Kyle Andrew Lansberry
LEWIS & WAGNER
klansberry@lewiswagner.com

Brandon Wesley Ehrie
LEWIS WAGNER LLP
behrie@lewiswagner.com

Theresa Renee Parish
LEWIS WAGNER LLP
tparish@lewiswagner.com

Rebecca R. Haller
MECKLER  BULGER  TILSON  MARICK
& PEARSON LLP
rebecca.haller@mbtlaw.com

Krista C. Sorvino
MERLO KANOFSKY & GREGG
kcs@merlolaw.com

Michael R. Gregg
MERLO KANOFSKY & GREGG LTD
mrg@merlolaw.com

Bruce L. Kamplain
NORRIS CHOPLIN & SCHROEDER LLP
bkamplain@ncs-law.com

Kenneth C. Newa
PLUNKETT & COONEY
knewa@plunkettcooney.com

David A. Dworetsky
PLUNKETT COONEY
ddworetsky@plunkettcooney.com

Pamela A. Paige
PLUNKETT COONEY
ppaige@plunkettcooney.com

Jayna Morse Cacioppo
TAFT STETTINIUS & HOLLISTER LLP
jcacioppo@taftlaw.com

Michael D. Chambers
TAFT STETTINIUS & HOLLISTER LLP
mchambers@taftlaw.com

Robert R. Clark
TAFT STETTINIUS & HOLLISTER LLP
rclark@taftlaw.com